*E-Filed 1/20/12*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

PETE AIELLO,

        Plaintiff,

   v.

BAC HOME LOAN SERVICING, LP,
DEUTSCHE BANK NATIONAL TRUST
COMPANY, et al.

        Defendants.
_____/

No. C 11-03655 RS

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

## I. INTRODUCTION

This matter concerns the foreclosure of Plaintiff Pete Aiello's home. On September 30, 2011, the Court granted defendants' motion to dismiss with leave to amend. Plaintiff subsequently filed a first amended complaint ("FAC"), alleging ten claims for relief. Defendants made a motion to dismiss the FAC, to strike certain of plaintiff's attached documents as irrelevant, and to expunge lis pendens. For the following reasons, defendants' motion to dismiss must be granted without leave to amend.

## II. RELEVANT FACTS

The property in dispute is located at 12 Verbana Court, Oakley, California. Plaintiff Pete Aiello obtained a loan for $507,000 on this property from Pulte Mortgage, LLC with Mortgage Electronic Registration Systems, Inc., as the beneficiary. The loan agreement provided that Aiello was to repay the loan in monthly installments at an initial fixed interest rate of 5.250%. Aiello claims that when he signed the loan agreement, he was not aware that his mortgage would be transferred to third parties. At first, plaintiff made timely payments, but after two years he was no longer able to afford the mortgage and soon defaulted. The Deed of Trust was assigned to Deutsche Bank National Trust Company, as Trustee for BCAP LLC Trust 2007-AA3m with Reconstruct Company, N.A. ("Recontrust"), as the substitute trustee. Recontrust recorded a Notice of Default for the property on January 7, 2010, stating arrearages in the amount of $38,454.59. On May 18, 2010, Recontrust recorded a Notice of Trustee's Sale, with a foreclosure sale following on June 10, 2010.

Aiello filed suit alleging nine claims for relief. Defendants thereafter brought a motion to dismiss which the Court granted. In so doing, the Court permitted plaintiff leave to amend his claims for quiet title, fraudulent inducement, breach of trust contract, RICO, fraudulent misrepresentation, and declaratory relief.[1] Aiello timely filed his First Amended Complaint ("FAC") asserting ten claims, many of which did not appear in the original complaint and are based on entirely new legal theories.[2] Plaintiff subsequently made a motion for temporary restraining order and preliminary injunction which the Court denied.

### III. LEGAL STANDARD

---

[1] The two remaining claims for violations of the Fair Debt Collection Practices Act and injunctive relief were dismissed without leave to amend.

[2] "The right to amend is broad, and encompasses the right 'to add a new cause or theory of action.'" *Urista v. Bank of America, N.A.*, No. C 11-03097, 2012 WL 10596, at *6 (N.D. Cal. Jan. 3, 2012). The Ninth Circuit has not explicitly addressed this issue, but many courts in this district have held that this broad right permits plaintiff to add new claims or parties when given leave to amend without limitation. *See, e.g.*, *Gilmore v. Union Pacific R. Co.,* 2010 U.S. Dist. LEXIS 50470, *4 (E.D.Cal. May 21, 2010). Because this Court's Order dismissing plaintiff's complaint granted leave to amend without limitation, the Court will not "elevate form over substance" and deny plaintiff's attempts to add new claims to his FAC. *Urista*, 2012 WL 10596, at *6.

A.  Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6)

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court accepts a plaintiff's factual allegations as true and construes the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Dismissal is appropriate where a complaint lacks "a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) (citation omitted). A court should employ less stringent pleading standards for pro se plaintiffs "such that inartful pleadings" may still be considered. *Thompson v. SunTrust Mortg., Inc.*, No. CV11–0284–PHX–DGC, 2011 WL 3320774, at *2 (N.D. Ariz. Aug. 2, 2011) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

To state a claim for relief, Federal Rule of Civil Procedure 8(a)(2) further demands that a pleading include a "short and plain statement of the claim showing that the pleader is entitled to relief." This does not require "detailed factual allegations," but "demands more than an unadorned, the-defendant-harmed-me accusation" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The tenet that allegations are construed in the light most favorable to the plaintiff does not apply, however, to bare legal conclusions. *Twombly*, 550 U.S. at 555 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Even where the plaintiff alleges something more than a bare legal conclusion, *Twombly* requires a statement of a plausible claim for relief. *Id.* at 544. Where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint cannot survive a 12(b)(6) motion. *Iqbal*, 129 S. Ct. at 1950.

B.  Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) provides that "[i]n allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To satisfy the

No. C 11-03655 RS
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

3

rule, a plaintiff must allege the "who, what, where, when, and how" of the charged misconduct. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). In other words, "the circumstances constituting the alleged fraud must be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. U.S.A.*, 317 F.3d 1097, 1106 (9th Cir. 2003). By contrast, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Moreover, "[i]n the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme." *Swartz v. KPMG, LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)).

## IV. DISCUSSION

### A. Failure to Comply with California Civil Code § 2924(1)(c): First Claim

California Civil Code § 2924(1)(c) provides that a trustee, mortgagee, beneficiary, or one of its authorized agents, may file a notice of default. This notice must include "a statement setting forth the nature of each breach actually known to the beneficiary and of his or her election to sell or cause to be sold the property to satisfy that obligation." Cal. Civ. Code § 2924(1)(c). Here, Recontrust properly filed and recorded a Notice of Default as agent for the beneficiary. The Notice indicates that plaintiff is delinquent in the amount of $38,454.59, and instructs plaintiff to contact Deutsche Bank to inquire as to how he can prevent foreclosure. Plaintiff insists this Notice was defective because Deutsche Bank was not the beneficiary of the property. This assertion, however, is incorrect. MERS assigned Deutsche Bank the beneficial interest pursuant to the Substitution of Trustee and Assignment of Deed of Trustee. Consequently, as trustee and the lawful beneficiary, Deutsche Bank complied with California Civil Code § 2924(1)(c) in filing the Notice of Default. Plaintiff's first claim is dismissed without leave to amend.

### B. Declaratory Relief: Second Claim

In his plea for declaratory relief, Aiello largely restates his earlier unfounded allegations that Deutsche Bank is not the lawful beneficiary. He additionally asserts a new theory that he is the third

No. C 11-03655 RS
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

4

party beneficiary to the BCAP LLC Trust 2007-AA3, the agreement which assigned the Deed to Deutsche Bank. To be recognized as a third party beneficiary, one must plead and prove that the contract was made for his or her benefit. *Martin v. Bridgeport Cmty. Ass'n., Inc.*, 173 Cal. App. 4th 1024. 1034 (2009). "The fact that a third party is incidentally named in the contract, or that the contract, if carried out according to its terms, would inure to his benefit, is not sufficient to entitle him to enforce it." *Id.* (quoting *Jones v. Aetna Casualty & Surety Co.*, 26 Cal. App. 4th 1717, 1724-25 (1994)). Rather, the contract at issue must manifest express intent to provide benefit to this third party. *Markowitz v. Fidelity Nat'l. Title Co.*, 142 Cal. App. 4th 508, 527 (2006) ("Ascertaining this intent is a question of ordinary contract interpretation."). Aiello does not plead sufficient facts to demonstrate that BCAP LLC Trust 2007-AA3 was expressly made for his benefit. He simply submits a copy of the trust agreement to the Court and states that he is "an alleged third party beneficiary because the interpretation of the trust agreement governs Plaintiff's relationships with the defendants." (FAC at 5:21-22). This second claim must be dismissed without leave to amend.

### C. Third, Fourth, Fifth & Sixth Claims Sounding in Fraud

Aiello bases all four of his fraud claims on the contention that defendants have repeatedly and fraudulently stated they are the lawful beneficiaries of his loan. According to plaintiff, defendants made these misrepresentations when demanding payments from Aiello and attempting to foreclose on his home. As stated above, however, it was not fraudulent for defendants to act as lawful beneficiaries. The Deed of Trust and the subsequent loan documents, support such a representation. The Deed of Trust, which plaintiff signed, specifically permits the original beneficiary MERS to sell the Note, without prior notice to plaintiff, and to appoint a substitute trustee to the loan. BCAP LLC Trust 2007-AA3 and the Substitution of Trustee and Assignment of Deed of Trust, lawfully complied with the terms of the Deed of Trust by assigning that Deed to Deutsche Bank and by substituting Recontrust as a trustee. Plaintiff fails to identify any fraudulent

1  activity to serve as a basis for his misrepresentation claims.[3]  Accordingly, plaintiff's third, fourth,

2  fifth, and sixth claims are dismissed without leave to amend.

### D. Seventh, Eighth, and Ninth Claims Under § 17200

As a consolidated claim for relief, plaintiff alleges defendants engaged in unlawful, unfair, and fraudulent business practices in violation of California Business and Professions Code § 17200. The sole basis for these claims is the reiteration that defendants have improperly claimed to be the beneficiary and servicer of a number of loans, thereby deceiving plaintiff and members of the public.  For the reasons outlined above, defendants are the lawful beneficiaries of the loan.  Plaintiff has therefore failed to state any facts to support unfair or fraudulent behavior.  These claims are also dismissed without leave to amend.

### E. Unjust Enrichment or Quasi-Contract; Tenth Claim

Aiello maintains defendants were unjustly enriched by his monthly mortgage payments because they never had the right to collect these amounts.  He asserts that he is thus entitled to restitution of these payments with interest.  Under California law "unjust enrichment is an action in quasi-contract, which does not lie when an enforceable, binding agreement exists defining the rights of the parties." *Paracor Fin. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1169 (9th Cir. 1996) (precluding an unjust enrichment claim when valid contracts governed identical subject matter). Plaintiff does not state facts sufficient to suggest the absence of a valid enforceable contract between the parties.  This claim must be dismissed without leave to amend.

## V. CONCLUSION

Defendants' motion to dismiss is granted without leave to amend.

---

[3] Defendants insist plaintiff's allegations of fraud are time-barred pursuant to California Civil Procedure Code § 338(d).  Under California law, a cause of action for fraud "accrues at the date of discovery, or when the Plaintiff should have known of or suspected the facts underlying the cause of action." *Lomboy v. SCME Mortg. Bankers*, No. 09-1160, 2009 WL 1457738, at *5 (N.D. Cal. May 26, 2009) (citing Cal. Civ. Proc. Code § 338(d)).  If a claim for fraud is brought more than three years after its commission, the plaintiff has the burden of pleading that he actively sought out the fraud or that the fraudulent behavior was concealed from him. *Id.* at *4 (quoting *Samuels v. Mix*, 22 Cal. 4th 1, 14 (1999)).  Plaintiff has not pled facts sufficient to demonstrate fraud or concealment.

No. C 11-03655 RS
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

6

IT IS SO ORDERED.

Dated: 1/20/12

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE